IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | X X X | |
| Plaintiff, | X X | |
| vs. | X X | Cr. No. 95-20231-D |
| THOMAS A. TALARICO, | X X X | |
| Defendant. | X X | |

## ORDER DENYING MOTION TO AMEND PRE-SENTENCE REPORT

On June 1, 2004, defendant, Thomas A. Talarico, filed a motion asking the Court to amend the Pre-sentence Investigation Report (PSR) that was prepared prior to his sentencing hearing in accordance with Rule 32 of the Federal Rules of Criminal Procedure. Talarico contends that a statement in the PSR has resulted in his classification at "Greatest Severity" and renders him ineligible to participate in certain prison programs.

On September 21, 1995, defendant was indicted by a federal grand jury. On February 15, 1996, a superseding indictment was filed charging Talarico with conspiracy to possess methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and § 846 (Count 1), possession of 450 grams of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count 2), possession of forty-nine pounds of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count 3), and carrying and using a firearm in relation to a drug trafficking

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on _10-28-05_

crime, in violation of 18 U.S.C. § 924(c)(Count 4). Two co-defendants were also charged in Count 1 of the indictment.

On November 24, 1997, Talarico entered a guilty plea to Counts 2 and 4 of the superseding indictment. Defendant's plea was entered pursuant to a plea agreement providing in pertinent part that:

1. he is in fact guilty of the offense charged in the indictment;

2. he has been advised and does fully understand the nature of the charges to which the plea is offered and the maximum possible penalty provided by law, that he has the right to a jury trial, and that if he pleads guilty he waives the right to a jury trial;

3. he understands that the offense to which he is pleading guilty is subject to the provisions and guidelines of the "Sentencing Reform Act of 1984" and the applicable guidelines are contained in the United States Sentencing Guidelines Manual (U.S.S.G.);

4. this plea agreement constitutes the entire agreement between him and the United States and no threats have been made to induce him to plead guilty;

5. the government agrees that at the time of sentencing the United States will move to dismiss counts one and three of the indictment and will recommend the low end of the applicable guideline range;

6. the parties agree that there is no agreement concerning the fine to be imposed.

Plea agreement, paragraphs 2-7, Docket entry 185.

On February 27, 1998, the Court conducted a sentencing hearing and on March 2, 1998, entered a judgment sentencing defendant to ninety-seven months imprisonment on Count 2 and sixty months on Count 4, to be served consecutively to the sentence on Count 2.

The Court also imposed a four-year period of supervised release on Counts 2 and 4 to run concurrently with each other. The remaining counts of the indictment were dismissed upon the motion of the Government.

Defendant appealed the sentence imposed by the Court contending that the Court erred by enhancing his base offense level under the "obstruction of justice" provision, U.S.S.G. § 3C1.1, and in denying a reduction of his offense level for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. The Sixth Circuit Court of Appeals affirmed the sentence imposed by the Court. United States v. Talarico, No. 98-5380, 1999 WL 435182 (6th Cir. June 18, 1999).

Talarico then filed a motion to vacate under 28 U.S.C. § 2255 contending that his attorney provided ineffective assistance by:

1) coercing his guilty plea by convincing the defendant that he was subject to a more severe statutory maximum sentence; and

2) failing to call witnesses in order to rebut the applicability of the enhancement of his base offense level under U.S.S.G. § 3C1.1, the "obstruction of justice" provision;

3) failing to successfully argue at sentencing and on appeal in favor of a reduction in his offense level for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1.

This Court determined that counsel's performance was not deficient and denied his motion. Talarico filed a notice of appeal and the Sixth Circuit denied his application for a certificate of appealability. United States v. Talarico, No. 00-2611-D/A (W.D. Tenn. Mar. 21, 2001), No. 01-5520 (6th Cir. Jan. 22, 2002).

3

Talarico contends that the presentence report contains a factual inaccuracy. This Court is not aware of any authority that would permit this Court to correct the presentence report. Ordinarily, a claim of this nature must be raised on direct appeal and would not be cognizable even in a § 2255 motion. Grant v. United States, 72 F.3d 503, 505 (6th Cir. 1996); see also United States v. Lankford, Nos. 99-5870, 99-6075, 2000 WL 1175592, at *1 (6th Cir. Aug. 9, 2000) ("Technical violations of the federal sentencing guidelines will not warrant [§ 2255] relief."); United States v. Norfleet, No. 98-1311, 1999 WL 1281718, at *5 (6th Cir. Dec. 28, 1999) ("Normally, Norfleet could not obtain collateral review of sentencing guidelines errors."); Hunter v. United States, 160 F.3d 1109, 1114 (6th Cir. 1998) ("Relief is not available in a section 2255 proceeding for a claim of nonconstitutional, sentencing-guideline error when that error was procedurally defaulted through the failure to bring a direct appeal.").[1] If Talarico could not bring this claim in a § 2255 motion, it necessarily follows that this Court lacks jurisdiction to grant this relief pursuant to an irregular criminal motion.

Accordingly, the Court DENIES Talarico's motion to correct the alleged inaccuracy in the presentence report.

As no reasonable jurist could disagree that this Court is without jurisdiction to alter the presentence report, it is CERTIFIED, pursuant to Fed. R. App. 24(a) that any appeal in this

---

[1] Accord Mejia, 1995 WL 131375 (on appeal of the denial of a § 2255 motion, refusing to correct factual inaccuracies in the presentence report).

4

matter by defendant, proceeding in forma pauperis, is not taken in good faith.

IT IS SO ORDERED this 27th day of October, 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 216 in case 2:95-CR-20231 was distributed by fax, mail, or direct printing on October 28, 2005 to the parties listed.

---

Jacob M. Dickinson
LAW OFFICES OF JACOB M. DICKINSON, IV
648 Poplar Avenue
Memphis, TN 38105

Jennifer Lawrence Webber
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT